FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 4 2012

JAMES W. McCORMACK, CLERK
By:_____
                                    DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS

TERESA BLOODMAN                                               **PLAINTIFF**

V.                    CASE NO: CV ___4:12 cv 659 Sww___

RHONDA WOOD, CIRCUIT COURT JUDGE FOR THE
TWENTIETH JUDICIAL DISTRICT OF ARKANSAS,
IN HER OFFICIAL AND INDIVIDUAL CAPACITY,
CODY HILAND, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
PROSECUTING ATTORNEY FOR THE TWENTIETH JUDICIAL DISTRICT OF
ARKANSAS,  JOAN SHIPLEY, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY
AS DEPUTY PROSECUTING ATTORNEY FOR THE TWENTIETH JUDICIAL
DISTRICT OF ARKANSAS,                                     **DEFENDANTS**

### COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

Comes now the Plaintiff, pro se, and as the basis for her complaint states as follows:

This case assigned to District Judge _Wright_
and to Magistrate Judge_____ _Young_

### PARTIES

1.  Plaintiff, Teresa Bloodman, is an attorney duly licensed under the laws of the State

of Arkansas and is a black female.  At all times herein, the Plaintiff was authorized to practice

law in the state of Arkansas and specifically, the Twentieth Judicial District where this cause of

action arose.

2.  Defendant, Rhonda Woods is a duly elected judicial official and presently sits as a

Circuit Judge for the Twentieth Judicial District of Arkansas and was acting at the time that this

cause of action arose in both her official and individual capacities.

3.  Defendant Cody Hiland, is the duly elected Prosecutor for the Twentieth Judicial

District and was so acting at the time that this cause of action arose.  At all times herein, it is

believed that the Defendant Hiland was an employer of Faulkner County, Deputy Prosecuting

Attorney, Joan Shipley, for the Twentieth Judicial Distract.

4.  Defendant Joan Shipley, is an employee of the Faulkner County Prosecuting

Attorney's Office and was acting in her individual and official capacity at the time that this cause of action arose.

## JURISDICTION AND VENUE

5.   That this court has both personal and subject matter jurisdiction as well as federal question jurisdiction pursuant to 28 U.S.C. Section 1331, 42 U.S.C. 1981, 1983, 1985, 1986 and 1988 for alleged violations of her rights under the first, fourth, fifth, thirteenth, and fourteenth amendments to the United States Constitution.

6.   That this court has pendent jurisdictions of claims alleged and asserted in the facts of this case.

## CAUSE OF ACTION

The plaintiff alleges that her rights guaranteed under the U.S. Constitution, including the first, fourth, fifth, thirteenth, and fourteenth amendments have been violated. In addition, she alleges that her cause of action exists under 42 U.S.C. 1981, 1983, 1985, 1986 and 1988.

Plaintiff further alleges that the actions of the defendants were conspiratorial in nature and that the actions were designed to slander and libel the Plaintiff.  Plaintiff also alleged that the actions of the defendants singularly, individually and/or jointly were designed to interfere with the right of the Plaintiff to contract with potential clients.  Plaintiff also alleges that the actions taken were initially instigated under the color of State Law but designed to inflict emotional distress upon the Plaintiff.

The Plaintiff further alleges that she is entitled to immediate injunctive relief, since the defendant Woods has ordered the Plaintiff to surrender for incarceration until she waives her constitutional rights.  She stands to be deprived of her life and liberty without due process unless

2

this court intervenes and enjoins the illegal, unlawful and discriminatory actions of the defendants.

The Plaintiff has been personally and professionally damaged by the conduct of the defendants whose actions can only be characterized as vicious and vindictive with the object and goal to destroy the Plaintiff, her career and family structure.

## FACTS CONSTITING CAUSE OF ACTION

7.   That the undersigned, a black female, is duly licensed to practice law in the State of Arkansas and entered her appearance as the attorney to represent clients, both of whom are black in the matters.  The Case Numbers are State of Arkansas v. Torrence Taylor, JV-2012-340-5, and State of Arkansas v. Dartanion Thompson, JV-2012-338-5. The trials were initially scheduled for August 22, 2012.

8.   During the course of the representation of her clients, Plaintiff filed various motions including but not limited to the following:

Motion for Discovery (Exhibit A, attached)

Continuance Order (Exhibit B, attached)

Motion to Produce  Discovery and Motion to Continue (Exhibit C, attached)

Amended Motion to Show Cause (Exhibit D, attached)

Order to Show Cause (Exhibit E, attached)

Objections To Motion to Show Cause an Order to Show Cause (Exhibit F, attached)

Motion to Recuse (Exhibit G, attached)

Motion to Continue for Purposes of Obtaining Counsel (Exhibit H, attached)

Motion for Production of Witness List, Exhibits And Summary of Expected

Testimony (Exhibit I, attached)

9.   The State failed to provide information requested in the Motion for Discovery.

10. Thereafter, the defendant Rhonda Wood, a white female, granted the State's Motion

to Continue, in State V. Dartanion Thompson, Case No. JV 2012-338, even though no motion for

continuance had been filed nor a hearing held contrary to Rule 27.3 of the Arkansas Rules of

Criminal Procedure.

11. The Court entered an Order initially on August 22, 2012 setting the matter for a trial

on September 16, 2012 (a Sunday) Subsequently, the Defendant Woods entered an amended

order on August 29, 2012 continuing the matter until September 17, 2012 without conferring

with or giving the Plaintiff an opportunity to file a response or to object.

12. On September 17, 2012, after the State had failed to comply with discovery requests,

the Plaintiff filed a Motion to Compel and to Continue the matter.

13. The Plaintiff was not available to attend the trial scheduled for September 17th, 2012

and enlisted the assistance of another attorney, namely Media Wilkins, a black female to appear

on her behalf to inform the court of the continuance.

14. That during the hearing involving the attorney who appeared on the behalf of the

Plaintiff, Defendant Woods stated that the attorney should be concerned as to who she associated

with and stood in for and that she did not trust the Plaintiff.  She made these same statements to

the clients of the Plaintiff and in front of a public audience.  She further stated to the Plaintiff's

clients that she had a problem with Plaintiff. The statements were disparaging, reproachful and disrespectful.

15. Defendant Woods announced in open court that she would hold the Plaintiff in contempt of court and require her to pay all costs and damages associated with her failure to appear.

16. Defendant Woods then directed the Defendant Joan Shipley, (a white female) the deputy Prosecuting Attorney to file criminal contempt charges against the Plaintiff.

17. As a result, the Deputy Prosecuting Attorney did file a Motion to Show Cause why the Plaintiff should not be held in criminal contempt and requested sanctions considered appropriate by her.

18. Within less than one hour after the Motion to Show Cause was filed, defendant Wood entered an Oder To Show Cause.

19. That the Motion to Show Cause why the Plaintiff should not be held in criminal contempt and Order to Show Cause were filed in case State of Arkansas v. Torrence Taylor, JV-2012-340-5 and State of Arkansas v. Dartanion Thompson, JV-2012-338-5.

20. Plaintiff filed objections to the Motion and subsequent Order to show cause issued by the court as well as a motion to recuse and motion for continuance in order to obtain counsel. referred to in the preceding paragraph.

21. Neither the Motion filed by Defendant Shipley or the Order to Show Cause gave notice of the rights to be accorded to the Plaintiff, including but not limited to the right to counsel or to otherwise as required under both the Arkansas and U. S. Constitutions.

22. The Plaintiff was never a named party in the substantive case.

23. The Plaintiff was never served a Summons.

24. The Plaintiff requested that she be afforded an opportunity to obtain counsel and simultaneously requested that the Defendant Woods and the Defendant Shipley provide her with exhibits that would be used in court as well as the names of any witnesses that might be called.

25. Likewise, the Plaintiff requested that the Court recuse from further proceedings since she had demonstrated a predisposition to rule against the Plaintiff.

26. The Plaintiff alleges now and alleges then that the Defendant Rhonda Wood did not have jurisdiction nor did the Defendant Joan Shipley have jurisdiction to seek to impose criminal contempt penalties.

27. Nevertheless, the Plaintiff appeared in court, to continue to assert jurisdictional questions and to invoke her rights under the constitution including but not limited to those guaranteed under the first, fourth, fifth, thirteenth, and fourteenth amendments.

28. At the hearing over the objection of the Plaintiff, the Court, sua sponte, and without authority ordered the Plaintiff to make certain statements or to answer questions, irrespective of whether she had an attorney or the right to refuse to testify under the U. S. Constitution.

29. Plaintiff refused to waive her constitutional rights and thereafter, the Defendant Woods with the concurrence and consent of the Defendant Shipley ordered that the Plaintiff be incarcerated promptly and now threatens to continue the incarceration of the Plaintiff until she abandons her rights guaranteed under the constitution.

30. The Plaintiff was handcuffed, escorted to and incarcerated in the holding cell.

31. The actions of the defendants individually and jointly were arbitrary, capricious and discriminatory.

32. The Defendants have never pursued criminal contempt charges against other white

attorneys, male or female, who have been unable to attend court or who had other attorneys to stand in for them.  Further the actions taken tend not only to demean the Plaintiff and her character but to chill her right to be an aggressive and effective advocate for her clients.

33. The Defendants have never caused or initiated incarceration of other white attorneys, male or female for any reasons known and especially, if they were unable to attend court or had other attorneys to stand in for them.

34. That the Defendants have conspired to violate the rights of the Plaintiff by engaging in ex parte communications when they agreed that continuances should be granted and that the Plaintiff should be held in contempt of court.

35. That the disparate treatment of the Plaintiff is based solely or primarily upon her race and gender as the difference in other attorneys who have appeared before the defendants or adverse to the defendants who have not been sanctioned by the color of their skin, i.e., white.

36. All of the actions of the defendants, jointly and severally were designed to chill Plaintiff's rights under the constitution and to prosecute her because of her race and gender and because she vigorously defended her clients.

37. The actions taken by the defendants are designed to discourage and chill the exercise of the constitutional rights of the Plaintiff and her actual or prospective clients.

38. The actions taken by the defendants have cause real and not imagined damages, including deprivation of liberty without due process, harm to her reputation, inter alia and will likely cause the same without court intervention.

39. That the defendant, Cody Hiland, Faulkner County Prosecuting Attorney knew or should have known that these actions were occurring and that they were unconstitutional and in violation of the right of the Plaintiff.

## INJURY AND REQUEST FOR RELIEF

40. Plaintiffs pray that this court grant immediate preliminary injunctive relief to prevent the Defendants from taking any further actions to cause irreparable harm and injury to the Plaintiff.

41. That Plaintiff is being denied the protections that the constitution affords all persons in any contempt proceedings of a criminal nature.

42. Injunctive relief is appropriate to protect, not only against the harm alleged but to deter any further abrogation or vitiation of the Plaintiff's constitutional rights.

43. That defendants' actions of proceeding with a contempt proceeding promptly and now threatens to continue the incarceration of the Plaintiff until she abandons her rights guaranteed under the constitution should be enjoined and without notice until this Court has an opportunity to hear the parties and the complaints alleged herein pursuant to FRCP 65 et.al.

**WHEREFORE,** the plaintiffs pray that this court grant immediate preliminary injunctive relief to prevent the Defendants from taking any further actions to cause irreparable harm and injury to the Plaintiff. Plaintiff prays that this court issue an immediate injunction to bar the defendants and their agents from proceeding further with the criminal contempt proceeding, given that this is not a case of threatened injury but great, immediate and real injury. Further that injunctive relief is appropriate to protect, not only against the harm alleged but to deter any further abrogation or vitiation of the Plaintiff's constitutional rights.

Plaintiff prays that she be compensated in an amount sufficient to satisfy the jurisdictional monetary requirement to invoke both State and Federal jurisdiction against each of the defendants, jointly and severely. Plaintiff prays for compensatory damages in an amount of at

least $75,000.00 from each defendant or an amount to be determined at the trial of this matter and punitive damages.

Plaintiff prays for injunctive and declaratory relief and damages to be determined at a later time. Such relief is appropriate to discourage others from attempting to take actions to chill the rights of all lawyers, and particularly black and black female lawyers. Plaintiff requests a jury trial. Plaintiff further prays that she be granted attorneys fees and costs in the bringing of this action any and all other equitable, legal, proper and just relief to which she is entitled.

Respectfully submitted,

_____
Teresa Bloodman #2005055
Pro Se
P.O. Box 13641
Maumelle, AR  72113
(501) 373-8223 Office
(501) 847-4040 Facsimile

## CERTIFICATE OF SERVICE

I, Teresa Bloodman, do hereby certify that I have filed a copy of the foregoing in the Circuit Court of Faulkner County and served a copy of the foregoing by facsimile and regular first class mail; postage prepaid, on this 24th day of October 2012 to the following:

Rhonda Woods
1423 Caldwell
Conway, AR  72034

Ms. Joan Shipley, Deputy Prosecuting Attorney
Faulkner County Prosecutor's Office
609 Locust Street
Conway, AR 72033

Mr. Cody Hiland, Prosecuting Attorney
Faulkner County Prosecutor's Office
609 Locust Street
Conway, AR 72033

_____
Teresa Bloodman

**IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS**
**JUVENILE DIVISION**

FILED

2012 JUL 11  AM 10 30

RHONDA WHARTON, CLERK

STATE OF ARKANSAS                                              PLAINTIFF

**5TH DIVISION**

V.                                        **CASE NO: JV-2012-338**

BY _____ DC

DATANION THOMPSON                                             DEFENDANT

### MOTION FOR DISCOVERY

Defendant moves for discovery pursuant to the Arkansas Rules of Criminal Procedure and the due process and fair trial provisions of the Sixth and Fourteenth Amendments to the Constitutions of the United States and Art. 2, §§ 8 & 10 of the Constitution of the State of Arkansas whether the information sought is in the possession of the Prosecuting Attorney, ACIC, NCIC, Arkansas State Crime Lab, a Drug Task Force, or any other police or law enforcement agency (Ark. R. Crim. P. 17.3). Accordingly, the State should provide the following:

1. The names and addresses of persons whom the state intends to call as witnesses at any hearing or trial sufficiently in advance of that hearing or trial to permit preparation. Ark. R. Crim. P. 17.1(a)(i).

2. Any written or recorded statements or the substance of any oral statements made by defendant or a codefendant or a potential codefendant or any one given legal or de facto immunity to provide information or testimony. Ark. R. Crim. P. 17.1(a)(ii). This includes statements intended to be used as admissions. A.R.E. 801(d).

3. Any reports or statements of experts in this case, including the results of any physical or mental examinations, scientific tests, experiments, or comparisons. Ark. R. Crim. P. 17.1(a)(iv).

4. Any books, papers, documents, computer records, photographs, videotapes, or tangible objects, including any recreations, whether computer generated animations or whatever, which the state intends to use at any hearing or trial in this case or which were obtained from or belong to the defendant. Ark. R. Crim. P. 17.1(a)(v).

5. Further, the state should provide similar disclosure of anything that it does not intend to use at any hearing or trial in this case because its non-use indicates a great

1

*Exhibit A*

potential that it is *Brady* material.   *See Brady* and its progeny, cited *infra.*

(a)   Defendant specifically requests production of the notes of the officers from which reports in the file were produced.   Those notes commonly include information about leads that did not pan out and people talked to that may have known something else.

(b)   The State must make a specific request for production of these notes from the officers because it will not be in an "open file," and a discovery response that merely directs defense counsel to come and copy their file does not comply with this request.

6.   Any record of any person who may be called as a witness at any stage of this proceeding whether presently known or capable of being ascertained of prior:

(a)   convictions, by an ACIC or NCIC check, or otherwise.   Ark. R. Crim. P. 17.1(a)(vi).

(b)   juvenile adjudications that would be admissible for impeachment if committed by an adult.   A.R.E. 609(d).

7.   Any inducements, promises of leniency, consideration (financial or otherwise) or anything else that is potential impeachment evidence against a confidential informant or any other witness.   Ark. R. Crim. P. 17.1(b)(iii), (d); *Brady v. Maryland,* 373 U.S. 83 (1963); *Kyles v. Whitley,* 514 U.S. 419 (1995); *Strickler v. Greene,* 527 U.S. 263 (1999); *Banks v. Dretke,* 124 S. Ct. 1256 (2004); Arkansas Rules of Professional Conduct, Rule 3.8(d), including any written or oral agreements or any documentary evidence concerning an informant or "cooperating individual" that:

(a)   provides for leniency, protection from arrest, prosecution, or asset forfeiture, sentencing recommendations, or anything of the kind from any past, present, or future criminal acts;

(b)   provides for payment of anything of value for his or her services including proof of payment, IRS 1099s for their payments, and the informant's tax returns;

(c)   proof or summaries of the payments to the informant;

(d)  any psychiatric or drug rehabilitation history of informants.

8.   The relationship between the state and any witness the state will call as a witness; *e.g.,* employee of any governmental entity, informant status, witness in this or another case, a defendant or former defendant in a criminal case in municipal, circuit, or federal court. Ark. R. Crim. P. 17.1(b)(iii).

9.   Whether there has been any electronic (including audio, video, or digital) surveillance or recording of conversations or actions of the defendant (including surreptitious recordings of defendant while in a police interview room or on the street), statements from his or her premises, copying of e-mail or similar electronic transmissions, consented to by one party to the conversation or not; Ark. R. Crim. P. 17.1(b)(ii); along with a description of the recordings and copies of any transcripts, whether these are directly based on this charge or surveillance preceding defendant's arrest.

10.  As to any searches and seizures:

(a)  Disclose and permit inspection, copying, or photocopying of documents of any material or computer or computer-like memory, disks, or hard drives concerning any searches and seizures of the defendant or his or her property or statements that he or she allegedly made. Ark. R. Crim. P. 17.1(c). Copying of computer disks and hard drives requires copying "invisible" files that are not visible on the directory but which are still present on disks.

(b)  If a search warrant was relied upon, provide a copy of:  (i) the warrant, (ii) all materials used to obtain the warrant, and (iii) the inventory.
(c)  If inventory search may be relied on as a justification for the search, please provide the police department's policy on conducting inventory searches, because it is the state's burden to justify the search.

(d)  Any video or audio of the occurrence (*see* ¶ 9, *supra*).

11.  As to impeachment ("*Brady*") evidence:

(a)  Any other evidence or thing in the knowledge of,

3

possession, or control of the state (Ark. R. Crim. P. 17.3) or its agents which tends to negate the guilt of the defendant as to the offense charged (including anything which tends to impeach a state's witness) or would tend to reduce the punishment for the offense. Ark. R. Crim. P. 17.1(d); *Brady v. Maryland, supra; Kyles v. Whitley, supra; Strickler v. Greene, supra; Banks v. Dretke, supra;* Arkansas Rules of Professional Conduct, Rule 3.8(d).

(b) Impeachment evidence includes statements of witnesses where they are even slightly inconsistent in their versions of events from one statement to the next (oral statement to written; two written statements; etc.) or that they were given consideration or a reward. *Strickler v. Greene, supra; Kyles v. Whitley,* 514 U.S. at 452 (even if statements of not all witnesses are impeachable); *Banks v. Dretke, supra* (withheld information about reward to witness was impeachment material and required reversal of conviction); *United States v. Sudikoff,* 36 F. Supp. 2d 1196 (C.D. Cal. 1999).

(c) This includes any evidence that anyone else was at one time considered a suspect in this case. *Fairchild v. Lockhart,* PB-C-83-272 (E.D.Ark.).

(d) The prosecuting attorney has a duty to inquire of the police to be certain that all potentially discoverable "*Brady*" material has been discovered, provided to the prosecutor by the police, and disclosed. *Kyles,* 514 U.S. at 437-38 (*Brady* includes material known by the police and not prosecutor; "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in this case, including the police"). An "open file" does not relieve the state of its obligation to specifically disclose impeachment material. *Kyles v. Whitley, supra; Banks v. Dretke, supra.*

(e) Negative evidence; *e.g.,* as the result of any type of scientific test that failed to connect the defendant to the crime such as absence of fingerprints, physical, or serological evidence or presence of such evidence of another. *Patler v. Slayton,* 503 F.2d 472 (4th Cir. 1974).

(f) The fact that a witness has testified falsely even in an unrelated case. *United States v. Masri,* 547 F.2d 932 (5th Cir. 1977).

4

12. Any 404(b) evidence; A.R.E. 404(b); which the state intends to or may use against the defendant.

13. Any evidence which could be used in the punishment phase against the defendant under Ark. Code Ann. § 16-97-103.

14. While it goes without saying that parties have a continuing duty to disclose material that comes into the party's hands after a previous disclosure (Ark. R. Crim. P. 19.2), defendant reasserts this right.

Respectfully Submitted,

/Teresa Bloodman #2005055
Attorney for Defendant
P.O. Box 13641
Maumelle, AR 72113
(501) 373-8223 (Telephone)
(501) 847-4040 (Facsimile)

## CERTIFICATE OF SERVICE

I, Teresa Bloodman, hereby certify that a true and correct copy of the foregoing has been filed in the Circuit Court of Faulkner County by facsimile and served upon Mr. Cody Hiland, Prosecuting Attorney of Faulkner County, P.O. Box 550, Conway, Arkansas, 72033 on this 11th day of July, 2012, by placing a copy of same in the United States First Class Mail with sufficient postage thereon to ensure proper delivery.

Teresa Bloodman

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
5TH DIVISION

STATE OF ARKANSAS

V.                                    JV-12-338
DARTANION THOMPSON

CONTINUANCE ORDER

**FILED**

2012 AUG 21 PM 3 17

RHONDA WHARTON, CLERK

BY _____ DC

    On this day, the Court called the above referenced matter and the Court hereby
Orders the matter be continued due to the request of the State.
The Court finds as follows:

This case is hereby removed from the docket setting on 8-22-12 and reset on: Sept. 16,
2012 at 1:00p.m.

    IT IS SO ORDERED.

Honorable Rhonda Wood



DEFENDANT'S
EXHIBIT
B

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
### 5TH DIVISION

STATE OF ARKANSAS

V.                                  JV-12-340

TORENCE TAYLOR

## CONTINUANCE ORDER

On this day, the Court called the above referenced matter and the Court hereby Orders the matter be continued due to the request of the State.
The Court finds as follows:

This case is hereby removed from the docket setting on 5-22-12 and reset on Sept. 16, 2012 at 1:00p.m.

IT IS SO ORDERED.

_____
Honorable Rhonda Wood



SEP-17-2012 11:25AM    From: 5018474040    ID:FAULK CO CIRCUIT CK    Page:002 R=95%

FILED

DATE  9-17-12  11:25 A
Rhonda Wharton, Clerk
By _____ DC

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
### JUVENILE DIVISION

STATE OF ARKANSAS                                              PLAINTIFF

V.                              CASE NO: JV-2012-338

DATANION THOMPSON                                             DEFENDANT

### MOTION TO PRODUCE OUTSTANDING DISCOVERY AND MOTION FOR CONTINUANCE

Comes now the defendant, by and through his attorney, and moves for a motion to produce and in the alternative to continue the trial scheduled in this matter from its current setting of September 17, 2012, and states:

1. That this matter is scheduled for trial on September 17, 2012.

2. That this is a relatively new case.

3. That on May 22, 2012, defendant was arraigned in this matter.

4. That this matter was set for Trial for August 22, 2012.

5. That this matter was continued at the State's request until September 16, 2012.

6. That this Court granted the continuance until September 16, 2012.

7. That this Court filed an amended order continuing this matter until September 17, 2012 without conferring with the undersigned to ensue availability.

8. That on July 11, 2012 undersigned filed a timely Motion for Discovery in this matter.

9. That the State provided some but has failed to provide defendant all discovery as required; to wit, legible copy of the defendant's alleged written statement, copy of the alleged video tape which is the subject of this prosecution, copy of all juvenile records of the State's witnesses and alleged victim, copy of the school suspension record of the defendant, copy of the

### MOTION TO PRODUCE OUTSTANDING DISCOVERY AND MOTION FOR CONTINUANCE

1

23JV-12-338        231-23100003857-010
DARTANION K THOMPSON        3 Pages
FAULKNER CO    09/17/2012 11:25 AM
CIRCUIT COURT                    MWC9

*Exhibit C*

student-witnesses and alleged victim school class schedules, copy of the school's student handbook.

10. The State is obligated to provide discovery consistent with the obligations imposed pursuant to Rule 17 of the Arkansas Rules of Criminal Procedure and the United States Constitution in a timely manner.

11. That the undersigned cannot effectively represent the defendant without receiving and without time receiving the outstanding discovery to which he is entitled.

12. That the defendant is entitled to discovery under Giglio v. U.S. 83 (1972) and Brady v. Maryland, 373 U.S. 83 (1963); Ark. R. Crim. Pro. 17.1 (b) (iii), Strickler, Banks, AR Rules of Professional Conduct, Rule 3.8 (d) and the progeny of caselaw thereunder.

13. That the State has an obligation to provide opposing counsel any and all relevant material. Arkansas Rules of Crim. Pro. Rules 17.5 and 19.4.

14. That the State's refusal to provide said discovery has and still is impeding the defendant's investigation in violation of Rule 19.1, and ability to effectively prepare corss-examination and impeachment of witnesses.

15. That the State's failure and refusal to provide defendant with discovery is a Brady violation.

16. That the State has an obligation to disclose such information.

17. That the undersigned attempted to confer with the prosecuting attorney, prior to filing this motion, and was advised she was not available.

18. That this continuance is not made for the purpose of delay but in the best interest of fairness and justice.

19. That this is "good cause" under Ark. R. Crim. P. 27.3.

WHEREFORE, defendant prays that this Court grant defendant's Motion to Compel the

**MOTION TO PRODUCE OUTSTANDING DISCOVERY AND
MOTION FOR CONTINUANCE**

2

charges against the defendant and to grant a continuance in order to allow the defendant an

opportunity to receive the discovery from the state and investigate all charges, and charge the

time against the State.

Respectfully submitted,

Teresa Bloodman #2005055
Attorney for Defendant
P.O. Box 13641
Maumelle, AR 72113
(501) 373-8223 Office
(501) 847-4040 Facsimile

## CERTIFICATE OF SERVICE

I, Teresa Bloodman, do hereby certify that I have filed a copy of the foregoing in the Circuit
Court of Faulkner County and served a copy of the foregoing by facsimile and regular first class
mail; postage prepaid, on this 17th day of September 2012 to the following:

Mr. Cody Hiland
Prosecuting Attorney
Faulkner County Prosecutor's Office
P.O. Box 550
Conway, AR 72033

Teresa Bloodman

## MOTION TO PRODUCE OUTSTANDING DISCOVERY AND
## MOTION FOR CONTINUANCE

3

10. The State is obligated to provide discovery consistent with the obligations imposed

pursuant to Rule 17 of the Arkansas Rules of Criminal Procedure and the United States

Constitution in a timely manner.

11. That the undersigned cannot effectively represent the defendant without receiving and

without time receiving the outstanding discovery to which he is entitled.

12. That the defendant is entitled to discovery under Giglio v. U.S. 83 (1972) and Brady v.

Maryland, 373 U.S. 83 (1963); Ark. R. Crim. Pro. 17.1 (b) (iii), Strickler, Bunks, AR Rules of

Professional Conduct, Rule 3.8 (d) and the progeny of caselaw thereunder.

13. That the State has an obligation to provide opposing counsel any and all relevant

material. Arkansas Rules of Crim. Pro. Rules 17.5 and 19.4.

14. That the State's refusal to provide said discovery has and still is impeding the defendant's

investigation in violation of Rule 19.1, and ability to effectively prepare cross-examination and

impeachment of witnesses.

15. That the State's failure and refusal to provide defendant with discovery is a Brady

violation.

16. That the State has an obligation to disclose such information.

17. That the undersigned attempted to confer with the prosecuting attorney, prior to

filing this motion, and was advised she was not available.

18. That this continuance is not made for the purpose of delay but in the best interest

of fairness and justice.

19. That this is "good cause" under Ark. R. Crim. P. 27.3.

**WHEREFORE,** defendant prays that this Court grant defendant's Motion to Compel the

charges against the defendant and to grant a continuance in order to allow the defendant an

## MOTION TO PRODUCE OUTSTANDING DISCOVERY AND
## MOTION FOR CONTINUANCE

2

FILED

DATE 9-17-12  11:18Am

Rhonda Wharton, Clerk

By_____ DC

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
### JUVENILE DIVISION

STATE OF ARKANSAS                                         PLAINTIFF

V.                            CASE NO: JV-2012-340

TORRENCE TAYLOR                                          DEFENDANT

### AMENDED MOTION TO PRODUCE OUTSTANDING DISCOVERY AND MOTION FOR CONTINUANCE

Comes now the defendant, by and through his attorney, and moves for a motion to produce and in the alternative to continue the trial scheduled in this matter from its current setting of September 17, 2012, and states:

1. That this matter is scheduled for trial on September 17, 2012.

2. That this is a relatively new case.

3. That on May 22, 2012, defendant was arraigned in this matter.

4. That this matter was set for Trial for August 22, 2012.

5. That this matter was continued at the State's request until September 16, 2012.

6. That this Court granted the continuance until September 16, 2012.

7. That this Court filed an amended order continuing this matter until September 17, 2012 without conferring with the undersigned to ensue availability.

8. That on July 11, 2012 undersigned filed a timely Motion for Discovery in this matter.

9. That the State provided some but has failed to provide defendant all discovery as required; to wit, copy of 911 tape which is the subject of this prosecution, copy of criminal history of State's witnesses.

### MOTION TO PRODUCE OUTSTANDING DISCOVERY AND MOTION FOR CONTINUANCE

23JV-12-340      231-23100003857-012
TORRENCE A TAYLOR         3 Pages
FAULKNER CO    09/17/2012 11:18 AM
CIRCUIT COURT             MNOA

1

opportunity to receive the discovery from the state and investigate all charges, and charge the

time against the State.

Respectfully submitted,

Teresa Bloodman #2005055
Attorney for Defendant
P.O. Box 13641
Maumelle, AR 72113
(501) 373-8223 Office
(501) 847-4040 Facsimile

## CERTIFICATE OF SERVICE

I, Teresa Bloodman, do hereby certify that I have filed a copy of the foregoing in the Circuit
Court of Faulkner County and served a copy of the foregoing by facsimile and regular first class
mail; postage prepaid, on this 17th day of September 2012 to the following:

Mr. Cody Hiland
Prosecuting Attorney
Faulkner County Prosecutor's Office
P.O. Box 550
Conway, AR 72033

Teresa Bloodman

## MOTION TO PRODUCE OUTSTANDING DISCOVERY AND
## MOTION FOR CONTINUANCE

3

FILED
9-18-12
AM 9 24
RHONDA WHARTON, CLERK

# IN THE CIRCUIT COURT OF FAULKNER COUNTY
## FIFTH DIVISION

**STATE OF ARKANSAS**                                    **PLAINTIFF**

### JV- 2012-338

**DARTANION K. THOMPSON**                        **DEFENDANT**

<u>AMENDED MOTION TO SHOW CAUSE</u>

Comes now State of Arkansas, by and through Deputy Prosecuting Attorney Joan Shipley, and states as follows:

1. That the above-styled case was set for a bench trial on September 17, 2012, at 1:00 p.m. in 5th Division, to be heard by the Honorable Rhonda Wood.

2. That Teresa Bloodman is the attorney of record for the defendant, Dartanion K. Thompson.

3. That Teresa Bloodman had notice to appear on the above date.

4. That on said date, the State of Arkansas had subpoenaed five (5) witnesses, who all appeared as ordered before this Court, ready for trial.

5. That the State was ready for trial.

6. That several of the witnesses who appeared were accompanied by either one or two parents.

7. That no Motion to Continue had been received by anyone present in the Courtroom, as reflected in the Court's record.

8. That defense counsel, Teresa Bloodman, did not appear in this court on the appointed date set for trial in this matter.

Exhibit D

Therefore, the State is requesting that TERESA BLOODMAN be ordered to appear before this court to show cause, if there be any reason why she should not be held in criminal contempt of Court. And further, why she should not be held responsible for the burden born by those who did appear in this Court.

WHEREFORE, State of Arkansas prays for an Order of this Court, for TERESA BLOODMAN to be Ordered to Appear and Show Cause, if there be any reason, why she should not be held in criminal contempt of Court as set forth in the Motion above, and for all appropriate sanctions, which include but is not limited to, restitution for travel to and from court, any damages suffered by any witness forced to miss work, and service fees for subpoenas,  should the Court find her in willful contempt of the Court's Orders.

Respectfully submitted,

Joan Shipley
Deputy Prosecuting Attorney

BK 2012 PG 2588

```
23JV-12-338    231-23100003879-020
DARTANION K THOMPSON        2 Pages
FAULKNER CO    09/19/2012 10:10 AM
CIRCUIT COURT              OR30
```

FILED

2012 SEP 18 AM 10 10

RHONDA WHARTON, CLERK

# IN THE CIRCUIT COURT OF FAULKNER COUNTY
## FIFTH DIVISION

STATE OF ARKANSAS          PLAINTIFF

### JV- 2012-338

DARTANION K. THOMPSON          DEFENDANT

### ORDER TO SHOW CAUSE

On this date, the State of Arkansas prays for an order to show cause why Respondent, TERESA BLOODMAN not be cited for criminal contempt of court for her failure to comply with the previous orders of this Court with reference the attached motion.

IT IS THEREFORE ORDERED that TERESA BLOODMAN appear in this Court on _____Oct. 22nd_____, at __3:30__ p.m. to show cause why she should not be cited for criminal contempt of the previous orders of this Court.

It is further ORDERED that a Copy of this order be served upon Teresa Bloodman by the Sheriff of Faulkner County, Arkansas, or his deputy, and that such service shall be sufficient notice of hearing.

_____
Honorable Judge Rhonda Wood

Date:_____9-18-12_____

Exhibit E

FILED

2012 SEP 18   AM 10 10

RHONDA WHARTON, CLERK

_____ DC

# IN THE CIRCUIT COURT OF FAULKNER COUNTY
## FIFTH DIVISION

STATE OF ARKANSAS                    PLAINTIFF

JV- 2012-340

TORRENCE A. TAYLOR                   DEFENDANT

## ORDER TO SHOW CAUSE

On this date, the State of Arkansas prays for an order to show cause why Respondent, **TERESA BLOODMAN** not be cited for criminal contempt of court for her failure to comply with the previous orders of this Court with reference the attached motion.

IT IS THEREFORE ORDERED that **TERESA BLOODMAN** appear in this Court on ___Oct. 22nd___, at __3:30__ p.m. to show cause why she should not be cited for criminal contempt of the previous orders of this Court.

It is further **ORDERED** that a Copy of this order be served upon Teresa Bloodman by the Sheriff of Faulkner County, Arkansas, or his deputy, and that such service shall be sufficient notice of hearing.

_____
Honorable Judge Rhonda Wood

Date: __9-18-12_____

FILED
DATE 10-1-12    4:26 pm
Rhonda Wharton, Clerk
By_____ DC

## IN THE CIRCUIT OF FAULKNER COUNTY CIRCUIT COURT
## FIFTH DIVISION

**STATE OF ARKANSAS**                                           **PLAINTFF**

### CASE NO: JV 2012-338

**DATANION THOMPSON**                                   **DEFENDANT**

## OBJECTIONS TO MOTION TO SHOW CAUSE AND AS AMENDED AND ORDER TO SHOW CAUSE

Comes now the undersigned and as the basis for her objections states as follows:

1. That the Deputy Prosecuting Attorney filed a Motion to Show Cause and subsequently two Amended Motions to Show Cause on or about September 18, 2012.

2. That the office of the Prosecuting Attorney was directed by the court to file a motion seeking to hold the undersigned in criminal contempt of this court.

3. That the Prosecuting Attorney's lacks jurisdiction to file such a request and has failed to cite any authority granting him such authority under the circumstances giving rise to the Motions originally filed and as amended.

4. That this Court, based upon information and belief opined that the undersigned was in contempt of court, thereby demonstrating the court's predisposition to render a decision holding the undersigned in criminal contempt of this court.

5. That in the substance of the Motion originally filed and the amendments, as well as the Order to Show Cause issued by the Court, neither the State nor the Court provides any notice of the statutory basis for its request or the issuance of an Order to Show Cause and therefore is constitutionally defective and a violation of due process.

6. That the Motion to Show Cause and the Order does not provide any notice of the

## OBJECTIONS TO MOTION TO SHOW CAUSE AND AS AMENDED AND ORDER TO SHOW CAUSE

1

Exhibit F

**IN THE CIRCUIT OF FAULKNER COUNTY CIRCUIT COURT**
**FIFTH DIVISION**

STATE OF ARKANSAS                                              **PLAINITFF**

**CASE NO: JV 2012-338**

DATANION THOMPSON                                        **DEFENDANT**

**OBJECTIONS TO MOTION TO SHOW CAUSE AND AS AMENDED AND ORDER TO SHOW CAUSE**

Comes now the undersigned and as the basis for her objections states as follows:

1. That the Deputy Prosecuting Attorney filed a Motion to Show Cause and subsequently two Amended Motions to Show Cause on or about September 18, 2012.

2. That the office of the Prosecuting Attorney was directed by the court to file a motion seeking to hold the undersigned in criminal contempt of this court.

3. That the Prosecuting Attorney's lacks jurisdiction to file such a request and has failed to cite any authority granting him such authority under the circumstances giving rise to the Motions originally filed and as amended.

4. That this Court, based upon information and belief opined that the undersigned was in contempt of court, thereby demonstrating the court's predisposition to render a decision holding the undersigned in criminal contempt of this court.

5. That in the substance of the Motion originally filed and the amendments, as well as the Order to Show Cause issued by the Court, neither the State nor the Court provides any notice of the statutory basis for its request or the issuance of an Order to Show Cause  and therefore is constitutionally defective and a violation of due process.

6. That the Motion to Show Cause and the Order does not provide any notice of the

**OBJECTIONS TO MOTION TO SHOW CAUSE AND AS AMENDED AND ORDER TO SHOW CAUSE**

1

right of the undersigned to respond to said motion nor does either provide the undersigned with an opportunity to discover the names of any witnesses or documents that the Court or the Prosecution intends to call at any hearing of this matter.

7. That this Court has displayed disdain, scorn and contempt for the undersigned and further has made disparaging, reproachful and disrespectful statements concerning the undersigned.

8. That the actions of this Court are designed to intimidate and discourage the undersigned from aggressively representing the defendant herein and others similarly situated before this Court.

9. That this court has treated the undersigned in a disparate and racially discriminatory manner.

10. That given the Court's predisposition and prejudice toward the undersigned as well as her personal involvement, this Court should be disqualified from taking any actions as it relates to the issues perceived to be before this court.

11. That throughout the proceedings giving rise to the Motion to Show Cause and the Order to Show Cause, the court has shown favoritism and a disregard of the rules of procedure and the Judicial Cannons.

12. That the undersigned denies that she totally disregarded any lawful orders or directives of this Court.

13. That this Court, when it granted a continuance in this matter and then reset the

**OBJECTIONS TO MOTION TO SHOW CAUSE AND AS AMENDED AND ORDER TO SHOW CAUSE**

2

same without consultation with the undersigned and before giving the undersigned an opportunity to be heard, created the situation that purportedly gives rise to the Motion and Order filed herein.

14. That while the undersigned did not appear on the date set by the Court, sua sponte, the undersigned filed a motion for continuance and the undersigned appeared by and through Attorney Wilkins who requested a continuance of this matter.

15. That this court lacks both personal and subject matter jurisdiction to go forward with a hearing of this matter.

**WHEREFORE,** the undersigned prays that the Order to Show Cause and the Motions filed herein be dismissed and for all other proper and just relief.

Respectfully submitted,

Teresa Bloodman #2005055
Attorney for Defendant
P.O. Box 13641
Maumelle, AR 72113
(501) 373-8223 Office
(501) 847-4040 Facsimile

## CERTIFICATE OF SERVICE

I, Teresa Bloodman, do hereby certify that I have filed a copy of the foregoing in the Circuit Court of Faulkner County and served a copy of the foregoing by facsimile and regular first class mail; postage prepaid, on this 1st day of October 2012 to the following:

Mr. Cody Hiland
Prosecuting Attorney
Faulkner County Prosecutor's Office
P.O. Box 550
Conway, AR 72033

Teresa Bloodman

**OBJECTIONS TO MOTION TO SHOW CAUSE AND AS AMENDED AND ORDER TO SHOW CAUSE**

**FILED**
DATE _10-1-12_   _4:26 Pm_
Rhonda Wharton, Clerk
By _____

# IN THE CIRCUIT OF FAULKNER COUNTY CIRCUIT COURT
## FIFTH DIVISION

STATE OF ARKANSAS                                      PLAINTIFF

V.                              CASE NO: JV-2012-340

TERRANCE TAYOR                                        DEFENDANT

## OBJECTIONS TO MOTION TO SHOW CAUSE AND AS AMENDED AND ORDER TO SHOW CAUSE

Comes now the undersigned and as the basis for her objections states as follows:

1. That the Deputy Prosecuting Attorney filed a Motion to Show Cause and subsequently two Amended Motions to Show Cause on or about September 18, 2012.

2. That the office of the Prosecuting Attorney was directed by the court to file a motion seeking to hold the undersigned in criminal contempt of this court.

3. That the Prosecuting Attorney's lacks jurisdiction to file such a request and has failed to cite any authority granting him such authority under the circumstances giving rise to the Motions originally filed and as amended.

4. That this Court, based upon information and belief opined that the undersigned was in contempt of court, thereby demonstrating the court's predisposition to render a decision holding the undersigned in criminal contempt of this court.

5. That in the substance of the Motion originally filed and the amendments, as well as the Order to Show Cause issued by the Court, neither the State nor the Court provides any notice of the statutory basis for its request or the issuance of an Order to Show Cause and therefore is constitutionally defective and a violation of due process.

6. That the Motion to Show Cause and the Order does not provide any notice of the

*good faith
made
not*

## OBJECTIONS TO MOTION TO SHOW CAUSE AND AS AMENDED AND ORDER TO SHOW CAUSE

1

## IN THE CIRCUIT OF FAULKNER COUNTY CIRCUIT COURT
## FIFTH DIVISION

**STATE OF ARKANSAS**                                    **PLAINITFF**

**V.**                          **CASE NO: JV-2012-340**

**TERRANCE TAYOR**                                **DEFENDANT**

## OBJECTIONS TO MOTION TO SHOW CAUSE AND AS AMENDED AND ORDER TO SHOW CAUSE

Comes now the undersigned and as the basis for her objections states as follows:

1.  That the Deputy Prosecuting Attorney filed a Motion to Show Cause and subsequently two Amended Motions to Show Cause on or about September 18, 2012.

2.  That the office of the Prosecuting Attorney was directed by the court to file a motion seeking to hold the undersigned in criminal contempt of this court.

3.  That the Prosecuting Attorney's lacks jurisdiction to file such a request and has failed to cite any authority granting him such authority under the circumstances giving rise to the Motions originally filed and as amended.

4.  That this Court, based upon information and belief opined that the undersigned was in contempt of court, thereby demonstrating the court's predisposition to render a decision holding the undersigned in criminal contempt of this court.

5.  That in the substance of the Motion originally filed and the amendments, as well as the Order to Show Cause issued by the Court, neither the State nor the Court provides any notice of the statutory basis for its request or the issuance of an Order to Show Cause  and therefore is constitutionally defective and a violation of due process.

6.  That the Motion to Show Cause and the Order does not provide any notice of the

## OBJECTIONS TO MOTION TO SHOW CAUSE AND AS AMENDED AND ORDER TO SHOW CAUSE

1

right of the undersigned to respond to said motion nor does either provide the undersigned with an opportunity to discover the names of any witnesses or documents that the Court or the Prosecution intends to call at any hearing of this matter.

7.   That this Court has displayed disdain, scorn and contempt for the undersigned and further has made disparaging, reproachful and disrespectful statements concerning the undersigned.

8.   That the actions of this Court are designed to intimidate and discourage the undersigned from aggressively representing the defendant herein and others similarly situated before this Court.

9.   That this court has treated the undersigned in a disparate and racially discriminatory manner.

10. That given the Court's predisposition and prejudice toward the undersigned as well as her personal involvement, this Court should be disqualified from taking any actions as it relates to the issues perceived to be before this court.

11. That throughout the proceedings giving rise to the Motion to Show Cause and the Order to Show Cause, the court has shown favoritism and a disregard of the rules of procedure and the Judicial Cannons.

12. That the undersigned denies that she totally disregarded any lawful orders or directives of this Court.

13. That this Court, when it granted a continuance in this matter and then reset the

**OBJECTIONS TO MOTION TO SHOW CAUSE AND AS AMENDED AND ORDER TO SHOW CAUSE**

same without consultation with the undersigned and before giving the undersigned an opportunity to be heard, created the situation that purportedly gives rise to the Motion and Order filed herein.

14. That while the undersigned did not appear on the date set by the Court, sua sponte, the undersigned filed a motion for continuance and the undersigned appeared by and through Attorney Wilkins who requested a continuance of this matter.

15. That this court lacks both personal and subject matter jurisdiction to go forward with a hearing of this matter.

**WHEREFORE,** the undersigned prays that the Order to Show Cause and the Motions filed herein be dismissed and for all other proper and just relief.

Respectfully submitted,

Teresa Bloodman #2005055
Attorney for Defendant
P.O. Box 13641
Maumelle, AR 72113
(501) 373-8223 Office
(501) 847-4040 Facsimile

## CERTIFICATE OF SERVICE

I, Teresa Bloodman, do hereby certify that I have filed a copy of the foregoing in the Circuit Court of Faulkner County and served a copy of the foregoing by facsimile and regular first class mail; postage prepaid, on this 1st day of October 2012 to the following:

Mr. Cody Hiland
Prosecuting Attorney
Faulkner County Prosecutor's Office
P.O. Box 550
Conway, AR 72033

Teresa Bloodman

**OBJECTIONS TO MOTION TO SHOW CAUSE AND AS AMENDED AND ORDER TO SHOW CAUSE**

3

FILED

DATE 10-2-12 8:55A
Rhonda Wharton, Clerk
By_____ DC

## IN THE CIRCUIT OF FAULKNER COUNTY CIRCUIT COURT
## FIFTH DIVISION

STATE OF ARKANSAS                                      PLAINTIFF

V.                     CASE NO: JV-2012-338

DARTANION THOMPSON                           DEFENDANT

## MOTION TO RECUSE

Comes now the undersigned and as the basis for her objections states as follows:

1. That on September 18, 2012, this Court issued an Order to Show Cause.

2. That the Order to Show Cause was issued after the Deputy Prosecuting Attorney was directed by this Court to file a Motion to Show Cause as amended on September 18, 2012.

3. The resultant Motion as amended and filed by the Deputy Prosecuting as well as the Order to Show Cause were purportedly predicated on the failure of the undersigned to appear in Court on September 17, 2012.

4. In fact, this Court set the above styled matter for a trial on September 16, 2012 without consulting with the undersigned and then reset the matter for September 17, 2012, again without consulting with the undersigned or making any attempt to assure that the date was convenient for all parties.

5. This Court has alleged and in fact stated in open court that the undersigned failed to appear in Court for the trial of this matter, when in fact, the undersigned appeared by and through an attorney on the date to request a continuance of this matter for obvious reasons, i.e., a conflict. This Court, itself, should take judicial notice that even her conduct in the administration of this case and her attitude toward the undersigned is unusual, atypical and not uniformly applied to other attorneys appearing before her or who have had other attorneys to appear on their behalf.

### MOTION TO RECUSE  1

*Exhibit G*

## IN THE CIRCUIT OF FAULKNER COUNTY CIRCUIT COURT
## FIFTH DIVISION

STATE OF ARKANSAS                                          PLAINITFF

V.                                    CASE NO:  JV-2012-338

DARTANION THOMPSON                                         DEFENDANT

### MOTION TO RECUSE

Comes now the undersigned and as the basis for her objections states as follows:

1.   That on September 18, 2012, this Court issued an Order to Show Cause.

2.   That the Order to Show Cause was issued after the Deputy Prosecuting Attorney was directed by this Court to file a Motion to Show Cause as amended on September 18, 2012.

3.   The resultant Motion as amended and filed by the Deputy Prosecuting as well as the Order to Show Cause were purportedly predicated on the failure of the undersigned to appear in Court on September 17, 2012.

4.   In fact, this Court set the above styled matter for a trial on September 16, 2012 without consulting with the undersigned and then reset the matter for September 17, 2012, again without consulting with the undersigned or making any attempt to assure that the date was convenient for all parties.

5.   This Court has alleged and in fact stated in open court that the undersigned failed to appear in Court for the trial of this matter, when in fact, the undersigned appeared by and through an attorney on the date to request a continuance of this matter for obvious reasons, i.e., a conflict. This Court, itself, should take judicial notice that even her conduct in the administration of this case and her attitude toward the undersigned is unusual, atypical and not uniformly applied to other attorneys appearing before her or who have had other attorneys to appear on their behalf.

### MOTION TO RECUSE  1

6.   That this Court also made, based upon information and belief, disparaging, painful, demeaning, unprofessional and disrespectful remarks concerning the undersigned on September 17, 2012 in open court in the presence of others which leads to the inescapable, inevitable and unavoidable conclusion that this Court cannot be fair and impartial as it relates to the undersigned's representation of any defendants in this court. In addition, this Court by its very actions chills the exercise of those rights guaranteed under the constitution to the undersigned and those represented by her.

7.   Further based upon information and belief, the actions of the court speak volumes of racially disparate treatment and the inability of this Court to be fair and impartial.

8.   The actions of this Court are calculated to intimidate, frighten and bully the undersigned to yield to unfair treatment by this court and serves to nurture the perception of partial treatment toward the prosecutor.

9.   This Court during the course of these proceedings has ignored rules relating to procedures outlined in the Arkansas Rules of Criminal Procedure relative to a continuance and discovery and the same is manifested in that the court has, without fail, and without affording the parties a hearing on certain motions, granted the Prosecution continuance without notice to the undersigned and simply ignored requests for rulings on certain motions filed by the undersigned.

10. Prior to the commencement of the scheduled trial, the undersigned filed with the clerk of Court a request for a continuance. Despite the request, this Court continued to ignore such a request and then summarily announced that the undersigned was in contempt of Court, indicating the decision that she would make assuming that the summary action was legal and constitutional.

11. It is also to be noted that this is not the first encounter with this court as there is

**MOTION TO RECUSE** 2

now pending an appeal in the matter of Givan v. State, arising from this Court.

12. It is firmly believed that this Court has consistently manifested such disdain for the undersigned as well as a demeaning and condescending attitude toward the undersigned that she cannot be possibly fair in any proceedings involving the undersigned, whether criminal or otherwise and especially in this ostensible contempt proceeding.

13. That given the Court's predisposition and prejudice toward the undersigned as well as her personal involvement in this matter as a potential witness, who must be placed under oath, this Court should be disqualified from taking any actions as it relates to the issues perceived to be before this court.

14. That the undersigned denies that she disregarded any lawful orders or directives of this Court but does not waive any objections heretofore asserted or to which she is entitled under the law.

**WHEREFORE,** the undersigned prays that this Court recuse from any further hearing in this matter and for all other proper and just relief.

Respectfully submitted,

Teresa Bloodman #2005055
Attorney for Defendant
P.O. Box 13641
Maumelle, AR  72113
(501) 373-8223 Office
(501) 847-4040 Facsimile

**MOTION TO RECUSE  3**

## CERTIFICATE OF SERVICE

I, Teresa Bloodman, do hereby certify that I have filed a copy of the foregoing in the Circuit Court of Faulkner County and served a copy of the foregoing by regular first class mail; postage prepaid, on this 2nd day of October 2012 to the following:

Mr. Cody Hiland
Prosecuting Attorney
Faulkner County Prosecutor's Office
P.O. Box 550
Conway, AR 72033

Teresa Bloodman

**MOTION TO RECUSE  4**

FILED

DATE 10-2-12  8:57 A m
Rhonda Wharton, Clerk
By_____ vmmi _____ DC

## IN THE CIRCUIT OF FAULKNER COUNTY CIRCUIT COURT
### FIFTH DIVISION

STATE OF ARKANSAS                                    **PLAINITFF**

V.                              **CASE NO:  JV-2012-340**

TORRENCE TAYLOR                                      **DEFENDANT**

### MOTION TO RECUSE

Comes now the undersigned and as the basis for her objections states as follows:

1. That on September 18, 2012, this Court issued an Order to Show Cause.

2. That the Order to Show Cause was issued after the Deputy Prosecuting Attorney was directed by this Court to file a Motion to Show Cause as amended on September 18, 2012.

3. The resultant Motion as amended and filed by the Deputy Prosecuting as well as the Order to Show Cause were purportedly predicated on the failure of the undersigned to appear in Court on September 17, 2012.

4. In fact, this Court set the above styled matter for a trial on September 16, 2012 without consulting with the undersigned and then reset the matter for September 17, 2012, again without consulting with the undersigned or making any attempt to assure that the date was convenient for all parties.

5. This Court has alleged and in fact stated in open court that the undersigned failed to appear in Court for the trial of this matter, when in fact, the undersigned appeared by and through an attorney on the date to request a continuance of this matter for obvious reasons, i.e., a conflict. This Court, itself, should take judicial notice that even her conduct in the administration of this case and her attitude toward the undersigned is unusual, atypical and not uniformly applied to other attorneys appearing before her or who have had other attorneys to appear on their behalf.

### MOTION TO RECUSE  1

**IN THE CIRCUIT OF FAULKNER COUNTY CIRCUIT COURT**
**FIFTH DIVISION**

STATE OF ARKANSAS                                                    PLAINITFF

V.                                      **CASE NO:  JV-2012-340**

TORRENCE TAYLOR                                                  DEFENDANT

**MOTION TO RECUSE**

Comes now the undersigned and as the basis for her objections states as follows:

1.  That on September 18, 2012, this Court issued an Order to Show Cause.

2.  That the Order to Show Cause was issued after the Deputy Prosecuting Attorney

was directed by this Court to file a Motion to Show Cause as amended on September 18, 2012.

3.  The resultant Motion as amended and filed by the Deputy Prosecuting as well as the

Order to Show Cause were purportedly predicated on the failure of the undersigned to appear in

Court on September 17, 2012.

4.  In fact, this Court set the above styled matter for a trial on September 16, 2012

without consulting with the undersigned and then reset the matter for September 17, 2012, again

without consulting with the undersigned or making any attempt to assure that the date was

convenient for all parties.

5.  This Court has alleged and in fact stated in open court that the undersigned failed to

appear in Court for the trial of this matter, when in fact, the undersigned appeared by and

through an attorney on the date to request a continuance of this matter for obvious reasons, i.e., a

conflict. This Court, itself, should take judicial notice that even her conduct in the administration

of this case and her attitude toward the undersigned is unusual, atypical and not uniformly

applied to other attorneys appearing before her or who have had other attorneys to appear on

their behalf.

**MOTION TO RECUSE**  1

6.   That this Court also made, based upon information and belief, disparaging, painful, demeaning, unprofessional and disrespectful remarks concerning the undersigned on September 17, 2012 in open court in the presence of others which leads to the inescapable, inevitable and unavoidable conclusion that this Court cannot be fair and impartial as it relates to the undersigned's representation of any defendants in this court. In addition, this Court by its very actions chills the exercise of those rights guaranteed under the constitution to the undersigned and those represented by her.

7.   Further based upon information and belief, the actions of the court speak volumes of racially disparate treatment and the inability of this Court to be fair and impartial.

8.   The actions of this Court are calculated to intimidate, frighten and bully the undersigned to yield to unfair treatment by this court and serves to nurture the perception of partial treatment toward the prosecutor.

9.   This Court during the course of these proceedings has ignored rules relating to procedures outlined in the Arkansas Rules of Criminal Procedure relative to a continuance and discovery and the same is manifested in that the court has, without fail, and without affording the parties a hearing on certain motions, granted the Prosecution continuance without notice to the undersigned and simply ignored requests for rulings on certain motions filed by the undersigned.

10. Prior to the commencement of the scheduled trial, the undersigned filed with the clerk of Court a request for a continuance. Despite the request, this Court continued to ignore such a request and then summarily announced that the undersigned was in contempt of Court, indicating the decision that she would make assuming that the summary action was legal and constitutional.

11. It is also to be noted that this is not the first encounter with this court as there is

**MOTION TO RECUSE** 2

now pending an appeal in the matter of Givan v. State, arising from this Court.

12. It is firmly believed that this Court has consistently manifested such disdain for the undersigned as well as a demeaning and condescending attitude toward the undersigned that she cannot be possibly fair in any proceedings involving the undersigned, whether criminal or otherwise and especially in this ostensible contempt proceeding.

13. That given the Court's predisposition and prejudice toward the undersigned as well as her personal involvement in this matter as a potential witness, who must be placed under oath, this Court should be disqualified from taking any actions as it relates to the issues perceived to be before this court.

14. That the undersigned denies that she disregarded any lawful orders or directives of this Court but does not waive any objections heretofore asserted or to which she is entitled under the law.

**WHEREFORE,** the undersigned prays that this Court recuse from any further hearing in this matter and for all other proper and just relief.

Respectfully submitted,

Teresa Bloodman #2005055
Attorney for Defendant
P.O. Box 13641
Maumelle, AR  72113
(501) 373-8223 Office
(501) 847-4040 Facsimile

**MOTION TO RECUSE  3**

## CERTIFICATE OF SERVICE

I, Teresa Bloodman, do hereby certify that I have filed a copy of the foregoing in the Circuit Court of Faulkner County and served a copy of the foregoing by regular first class mail; postage prepaid, on this 2nd day of October 2012 to the following:

Mr. Cody Hiland
Prosecuting Attorney
Faulkner County Prosecutor's Office
P.O. Box 550
Conway, AR 72033

Teresa Bloodman

**MOTION TO RECUSE  4**

FILED
DATE 10-17-12  2:04pm
Rhonda Wharton, Clerk
By _____ DC

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
JUVENILE DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

V.                          CASE NO: JV-2012-340

TORRENCE TAYLOR                                    DEFENDANT

## MOTION FOR CONTINUANCE FOR PURPOSES OF OBTAINING COUNSEL

Comes now the undersigned and states:

1. That without waiving any objections to the jurisdiction of this court, the undersigned is requesting that this matter be continued for the purpose of obtaining counsel.

2. That a hearing on the State's Motion to Show Cause and Order To Show Cause directed at the undersigned, in this matter is scheduled for October 22, 2012.

3. That given the nature of the accusations, the undersigned has a constitutional right to be represented by counsel and effective assistance of counsel at said hearing.

4. That the undersigned would ask for an additional thirty (30) days within which to employ counsel in this matter.

5. That the undersigned attempted to confer with the prosecuting attorney, prior to filing this motion, and was advised she was not in the office.

6. That this continuance is not made for the purpose of delay but in the best interest of fairness and justice.

7. That this is "good cause" under Ark. R. Crim. P. 27.3.

**WHEREFORE**, the undersigned prays that this Court grant movant's Motion to Continue in order to allow the undersigned an opportunity to retain counsel for the purpose of representation and for all other fair and just relief.

Exhibit H

MOTION TO CONTINUANCE FOR PURPOSES OF OBTAINING COUNSEL    1

FILED 2:02
DATE 10-17-12 P.
Rhonda Wharton, Clerk
By _____ DC

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
JUVENILE DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

V.                              CASE NO: JV-2012-338

DARTANION THOMPSON                                   DEFENDANT

## MOTION FOR CONTINUANCE FOR PURPOSES OF OBTAINING COUNSEL

Comes now the undersigned and states:

1. That without waiving any objections to the jurisdiction of this court, the undersigned is requesting that this matter be continued for the purpose of obtaining counsel.

2. That a hearing on the State's Motion to Show Cause and Order To Show Cause directed at the undersigned, in this matter is scheduled for October 22, 2012.

3. That given the nature of the accusations, the undersigned has a constitutional right to be represented by counsel and effective assistance of counsel at said hearing.

4. That the undersigned would ask for an additional thirty (30) days within which to employ counsel in this matter.

5. That the undersigned attempted to confer with the prosecuting attorney, prior to filing this motion, and was advised she was not in the office.

6. That this continuance is not made for the purpose of delay but in the best interest of fairness and justice.

7. That this is "good cause" under Ark. R. Crim. P. 27.3.

**WHEREFORE**, the undersigned prays that this Court grant movant's Motion to Continue in order to allow the undersigned an opportunity to retain counsel for the purpose of representation and for all other fair and just relief.

## MOTION FOR CONTINUANCE FOR PURPOSES OF OBTAINING COUNSEL

1

Respectfully submitted,

_____
Teresa Bloodman #2005055
Attorney for Defendant
P.O. Box 13641
Maumelle, AR  72113
(501) 373-8223 Office
(501) 847-4040 Facsimile


## CERTIFICATE OF SERVICE

I, Teresa Bloodman, do hereby certify that I have filed a copy of the foregoing in the Circuit Court of Faulkner County and served a copy of the foregoing by facsimile and regular first class mail; postage prepaid, on this 17th day of October 2012 to the following:

Mr. Cody Hiland
Prosecuting Attorney
Faulkner County Prosecutor's Office
P.O. Box 550
Conway, AR 72033

_____
Teresa Bloodman


**MOTION FOR CONTINUANCE FOR PURPOSES OF OBTAINING COUNSEL**

FILED

DATE __10-18-13__ __10:37 AM__
Rhonda Wharton, Clerk
By _____ DC

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
JUVENILE DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

V.                    CASE NO: JV-2012-340

TORRENCE TAYLOR                                      DEFENDANT

## MOTION FOR PRODUCTION OF WITNESS LIST, EXHIBITS AND SUMMARY OF TESTIMONY EXPECTED

Comes now the undersigned and states:

1. That without waiving any objections to the jurisdiction of this court, the undersigned is requesting that this matter be continued for the purpose of obtaining counsel.

2. That a hearing on the State's Motion to Show Cause and Order To Show Cause directed at the undersigned, in this matter is scheduled for October 22, 2012.

3. That the undersigned has a constitutional right to receive discovery in this matter.

4. That undersigned has not received any discovery related to the hearing set for October 22, 2012.

5. That specifically, the undersigned has not been afforded the names and contact information of witnesses, ACIC and criminal histories of a witnesses to be called at the hearing, nor copies of any exhibits to be introduced at the hearing, nor exculpatory evidence to include a copy of the transcript from the date of September 17, 2012, nor a copy of the court's docket sheets covering the dates of August 22, 2012, September 17, 2012 or October 16-19, 2012.

6. That the undersigned has a constitutional right to be afforded the forenamed discovery and the same should be provided to the undersigned within a reasonable time, prior to any hearing, in order answer, interview witnesses, investigate, prepare cross examination and file additional motions as deemed necessary.

7. That the undersigned has not received any of the forelisted discovery and requests an order directing the State, its court reporter, an any other agent of the State and Court to provide

### MOTION FOR PRODUCTION OF WITNESS LIST, EXHIBITS AND SUMMARY OF TESTIMONY EXPECTED 1

*Exhibit I*

FILED

DATE 10-18-73 10:36 Am
Rhonda Wharton, Clerk

By_____ DC

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
### JUVENILE DIVISION

STATE OF ARKANSAS                                      PLAINTIFF

V.                              CASE NO: JV-2012-338

DARTANION THOMPSON                              DEFENDANT

### MOTION FOR PRODUCTION OF WITNESS LIST, EXHIBITS AND SUMMARY OF TESTIMONY EXPECTED

Comes now the undersigned and states:

1. That without waiving any objections to the jurisdiction of this court, the undersigned is requesting that this matter be continued for the purpose of obtaining counsel.

2. That a hearing on the State's Motion to Show Cause and Order To Show Cause directed at the undersigned, in this matter is scheduled for October 22, 2012.

3. That the undersigned has a constitutional right to receive discovery in this matter.

4. That undersigned has not received any discovery related to the hearing set for October 22, 2012.

5. That specifically, the undersigned has not been afforded the names and contact information of witnesses, ACIC and criminal histories of a witnesses to be called at the hearing, nor copies of any exhibits to be introduced at the hearing, nor exculpatory evidence to include a copy of the transcript from the date of September 17, 2012, nor a copy of the court's docket sheets covering the dates of August 22, 2012, September 17, 2012 or October 16-19, 2012.

6. That the undersigned has a constitutional right to be afforded the forenamed discovery and the same should be provided to the undersigned within a reasonable time, prior to any hearing, in order answer, interview witnesses, investigate, prepare cross examination and file additional motions as deemed necessary.

7. That the undersigned has not received any of the forelisted discovery and requests an order directing the State, its court reporter, an any other agent of the State and Court to provide

### MOTION FOR PRODUCTION OF WITNESS LIST, EXHIBITS AND SUMMARY OF TESTIMONY EXPECTED 1

the same at least thirty (30) days prior to any hearing in this matter, in order to allow the undersigned to review the same.

8. That to deny the same would be tantamount to an ambush and violative of the undersigned's constitutional protections to include due process.

9. That in order to ensure the protections and guarantee due process, the undersigned is entitled to such production.

10. That this motion is not made Sfor the purposes of delay but in the best interest of justice, fairness, and a fair opportunity to defend.

**WHEREFORE,** the undersigned prays that this Court grant movant's motion for production of witness list, exhibits and summary of testimony expected and for all other fair and just relief.

Respectfully submitted,

Teresa Bloodman #2005055
Attorney for Defendant
P.O. Box 13641
Maumelle, AR  72113
(501) 373-8223 Office
(501) 847-4040 Facsimile

**CERTIFICATE OF SERVICE**

I, Teresa Bloodman, do hereby certify that I have filed a copy of the foregoing in the Circuit Court of Faulkner County and served a copy of the foregoing by facsimile and regular first class mail; postage prepaid, on this 18th day of October 2012 to the following:

Mr. Cody Hiland
Prosecuting Attorney
Faulkner County Prosecutor's Office
P.O. Box 550
Conway, AR 72033

Teresa Bloodman

**MOTION FOR PRODUCTION OF WITNESS LIST, EXHIBITS AND
SUMMARY OF TESTIMONY EXPECTED** 2