IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TERESA BLOODMAN, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:12-cv-00659-SWW |
| | * | |
| | * | |
| RHONDA WOOD, CIRCUIT JUDGE | * | |
| FOR THE TWENTIETH JUDICIAL | * | |
| DISTRICT OF ARKANSAS, IN HER | * | |
| OFFICIAL AND INDIVIDUAL | * | |
| CAPACITY, CODY HILAND, | * | |
| INDIVIDUALLY AND IN HIS | * | |
| OFFICIAL CAPACITY AS | * | |
| PROSECUTING ATTORNEY FOR | * | |
| THE TWENTIETH JUDICIAL | * | |
| DISTRICT OF ARKANSAS, JOAN | * | |
| SHIPLEY, INDIVIDUALLY AND IN | * | |
| HER OFFICIAL CAPACITY AS | * | |
| DEPUTY PROSECUTING ATTORNEY | * | |
| FOR THE TWENTIETH JUDICIAL | * | |
| DISTRICT OF ARKANSAS, | * | |
| | * | |
| Defendant. | * | |

<u>ORDER</u>

Plaintiff Teresa Bloodman, a black female and attorney, brings this *pro se* action for damages and declaratory and injunctive relief against Rhonda Wood, Circuit Judge for the Twentieth Judicial District of Arkansas, Cody Hiland, Prosecuting Attorney for the Twentieth Judicial District of Arkansas, and Joan Shipley, Deputy Prosecuting Attorney for the Twentieth Judicial District of Arkansas, alleging that Defendants, all white, violated her federal constitutional rights.  For the reasons that follow, the Court *sua*

*sponte* dismisses this action pursuant to the *Younger* abstention doctrine[1] and on the basis of immunity.

I.

Plaintiff alleges in her complaint that she entered an appearance in Judge Wood's court for two criminal defendants and that the trials were initially scheduled for August 22, 2012. Plaintiff states that during the course of the representation of her clients, Plaintiff filed various motions, including for discovery, but that the state failed to provide the requested discovery. Plaintiff states that Judge Wood thereafter granted the state a continuance, even though no motion for continuance had been filed or a hearing held pursuant to the Arkansas Rules of Civil Procedure.

Plaintiff states that Judge Wood entered an order on August 29, 2012 continuing the matter until September 17, 2012 without conferring with or giving the Plaintiff an opportunity to file a response or to object. Plaintiff states that on September 17, 2012, after the state had failed to comply with discovery requests, she filed a motion to compel and to continue the matter. Plaintiff states she was not available to attend the trial scheduled for September 17, 2012, and enlisted the assistance of another attorney–Media Wilkins, a black female–to appear on her behalf to inform Judge Wood of the continuance.

Plaintiff states that during the hearing at which Wilkins appeared on her behalf,

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

Judge Wood stated that Wilkins should be concerned as to whom she associated with and stood in for and that she did not trust the Plaintiff. Plaintiff states that Judge Wood made these same statements to the clients of the Plaintiff and in front of a public audience, and that Judge Wood further stated to Plaintiff's clients that she had a problem with Plaintiff. Plaintiff claims the statements were disparaging, reproachful and disrespectful.

Plaintiff states that Judge Wood announced in open court that she would hold the Plaintiff in contempt of court and require her to pay all costs and damages associated with her failure to appear and that Judge Wood then directed Shipley to file criminal contempt charges against the Plaintiff. Plaintiff states that Shipley filed a motion to show cause why the Plaintiff should not be held in criminal contempt and requested sanctions considered appropriate by her. Plaintiff states that less than an hour after the motion to show cause was filed, Judge Wood entered an order to show cause.

Plaintiff states that she filed objections to the motion and subsequent order to show cause issued by the court as well as a motion to recuse and motion for continuance in order to obtain counsel. Plaintiff states that neither the motion filed by Shipley nor the order to show cause gave notice of the rights to be accorded to the Plaintiff. Plaintiff states she requested that she be afforded an opportunity to obtain counsel and simultaneously requested that Judge Wood and Shipley provide her with exhibits that would be used in court as well as the names of any witnesses that might be called. She further states that she requested that Judge Wood recuse from further proceedings since she had demonstrated a predisposition to rule against the Plaintiff.

Plaintiff states that Defendants did not have jurisdiction to request or impose criminal contempt penalties but that she nevertheless appeared in court to assert jurisdictional questions and to invoke her rights under the Constitution, including those guaranteed under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments. Plaintiff states that at the hearing, Judge Wood, *sua sponte* and without authority, ordered the Plaintiff to make certain statements or to answer questions, irrespective of whether she had an attorney or the right to refuse to testify under the U.S. Constitution. Plaintiff states she refused to waive her constitutional rights and that Judge Wood, with the concurrence and consent of Shipley, ordered that she be incarcerated promptly. Plaintiff states that Jude Wood threatens to continue the incarceration until Plaintiff abandons her rights guaranteed under the Constitution.

Plaintiff states that the actions of the Defendants were arbitrary, capricious and discriminatory and that the Defendants have never pursued criminal contempt charges against other white attorneys, male or female, who have been unable to attend court or who had other attorneys to stand in for them. Plaintiff states that the Defendants' actions tend not only to demean the Plaintiff and her character but to chill her right to be an aggressive and effective advocate for her clients. She states that the Defendants have conspired to violate her rights and that the disparate treatment of her is based solely or primarily upon her race and gender. Plaintiff states that all of the actions of the Defendants were designed to chill Plaintiff's rights under the Constitution and that their actions have caused her damages, including deprivation of liberty without due process

and harm to her reputation.

## II.

### A.

In reviewing whether a complaint is subject to dismissal, the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). A well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely. *Twombly*, 550 U.S. at 556. A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 561. Rather, the facts set forth in the complaint must be sufficient to nudge the claims across the line from

conceivable to plausible. *Id*. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

B.

1.

Under current *Younger v. Harris* doctrine, federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) (citation omitted). In such circumstances, principles of comity and federalism preclude federal actions seeking injunctive or declaratory relief. *Id*.

All three of the *Younger* factors are present here. First, there is a pending state proceeding—the criminal contempt proceedings in the Circuit Court of the Twentieth Judicial District. Second, the underlying proceeding implicates an important state interest, namely, the prosecution of a crime and the authority of a Judge to control the proceedings in her court. Third, the state courts afford Plaintiff an adequate opportunity for judicial review of her federal claims.[2]

---

[2] With respect to this third factor, "all that is required is that the federal plaintiff had the opportunity to raise federal issues in the state-court actions." *Id*. at 1249 n.2. Plaintiff has not alleged that the state court proceeding will not afford her with an adequate opportunity to raise her federal claims or that she will be unable to appeal Judge Wood's actions.

While a federal court is not obligated to abstain where the state proceedings were initiated "to retaliate for or discourage the exercise of constitutional rights," *Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988); see also *Selig*, 664 F.3d at 1254 (noting that a federal court is not obligated to abstain where the state proceedings were initiated in bad faith or to harass the litigants), Plaintiff's allegations are not sufficient to invoke this exception as they do not demonstrate "irreparable injury" that is "great and immediate." *Postscript Enterprises, Inc. v. Peach*, 878 F.2d 1114, 1116 (8th Cir. 1989) (quoting *Younger*, 401 U.S. at 46). Plaintiff may be facing criminal penalties, but she is not precluded from appealing Judge Wood's order imposing those penalties and seeking a stay. Plaintiff, in other words, has available state court remedies.

2.

Even were *Younger* abstension not applicable to this situation, the Court finds that Defendants are immune from suit.

<u>Judge Wood</u>

Judges are immune from suit unless actions were nonjudicial in nature or taken in complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). Judicial immunity is not overcome by allegations of bad faith or malice. *Id*.

Plaintiff has not alleged actions that were nonjudicial in nature and those actions were not taken in complete absence of all jurisdiction. Accordingly, Judge Wood is entitled to judicial immunity.

<u>Shipley and Hiland</u>

If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (citing *Buckley v. Fitzsimmons,* 509 U.S. 259, 272-273(1993)). Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process. *Id*.

The Court finds that Shipley's and, presumably, Hiland's decisions relating to the motion to hold Plaintiff in criminal contempt are at the very heart of a prosecutor's function as an advocate for the state, and absolute immunity thus attaches to those decisions. Accordingly, Shipley and Hiland are entitled to absolute immunity.

### III.

For the foregoing reasons, the Court *sua sponte* dismisses this action with prejudice. Judgment will be entered accordingly.

IT IS SO ORDERED this 25th day of October 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE